(No. 2603—

SOPHIE LAGERHAUSEN, EXECUTRIX OF THE ESTATE OF MARTHA ROSEN, DECEASED, WIDOW OF ERNEST ROSEN, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1936.*

HAMLIN & CLEARY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The original claim in this matter was filed February 16, 1935, setting up that on the 12th day of June, 1934, Ernest Rosen received an injury by reason of an accident arising out of and in the course of his employment, which injury resulted in his death on the 14th day of June, 1934; that Martha Rosen was his widow, and at the time of his death, he was past 65 years of age.

It is stipulated that he was working on Lake Street, the same being a State Highway, approximately one and one-half miles West of Addison, Illinois, in DuPage County, at the time of his accident, cutting the weeds and grass on the shoulders of the State Highway, with a mower drawn by a team of horses.

He left no children under sixteen years of age and no one dependent upon him for support, except his wife.

After the original complaint was filed, his widow, Martha Rosen, died on the 9th day of March, 1935, and Sophie Lagerhausen was appointed executrix of her last will and testament.

A stipulation appears in the record wherein it is agreed by and between the Attorny General and counsel for the claimant, that the deceased, Ernest Rosen, died as the result

of an injury which arose out of, and in the course of his employment. The record does not disclose how long he had been in the employ of the State, nor the number of days each year that he worked. It does appear that he received as compensation, $0.45 per hour, but the record does not disclose the number of hours per day that he worked nor the number of days per week.

The following is an itemized list of expenses that were incurred with the accident and the burial of the deceased:

```
.   G. F. Schroeder, M. D., Itasca, Illinois...................... $41.00
.   E. W. Marquardt, 185 S. York St., Elmhurst, Illinois.........  15.00
    Helen Marquardt, nurse, Elmhurst, Illinois..................   8.00
    Vivian Johnson, R. N., 417 Main St., Glen Ellyn, Ill..........   5.00
    Dolores Fox, R. N., 417 Main St., Glen Ellyn, Ill.............   8.00
    Elmhurst Hospital, Elmhurst, Illinois........................  43.75
.   Dzur & Karstens, undertakers, Roselle, Illinois.............. 560.00
.   Rev. Zersen, minister at funeral, Itasca, Illinois..............  10.00
    Mr. Elberts, Itasca, Illinois................................   2.00
    Emil Westphal, Sr., Church Sexton............................   2.00
```

It appears that the Highway Department had notice of Mr. Rosen's injury on the date that it occured and of his death, shortly thereafter.

Under Section 7 of the Workmen's Compensation Act, the amount of compensation which shall be paid for an injury to the employee resulting in death shall be:

(a) If the employee leaves any widow, child or children whom he was under legal obligations to support at the time of his injury, a sum equal to four times the average annual earnings of the employee, but not less than $2,500.00 nor more than $4,000.00.

*Section 10*

(d) As to employees in employment in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as three hundred times the average daily earnings in such computation.

(c) As to employees in employment in which it is the custom to operate for a part of the whole number of working days in each year, such number, if the annual earnings are not otherwise determinable, shall be used instead of three hundred as a basis for computing the annual earnings; *Provided*, the minimum number of days which shall be so used for the basis of the year's work shall be not less than two hundred.

(g) Earnings for the purpose of this section shall be based on the earnings for the number of hours commonly regarded as a day's work for that employment, and shall exclude overtime earnings.

(i) To determine the amount of compensation for each installment period, the amount per annum shall be ascertained pursuant thereto, and such amount divided by the number of installments per annum.

## Under Section 21 of the Workmen's Compensation Act.

Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto.

It is admitted that the deceased was receiving $0.45 per hour, but the number of hours he worked per day and the number of days he was employed during the year, is not in the record. The court will, therefore, consider eight (8) hours as a day's work, pursuant to Paragraph 23, Chapter 48, Revised Illinois Statutes for 1935. Work on roads, keeping them in repair, free from obstructions, ice, etc. is carried on during the entire year. Therefore, we consider this employment as being one in which it is a custom to operate throughout the working days of the year. The employment being for eight (8) hours per day and three hundred (300) days per year, at $0.45 per hour, as we figure it, the weekly wage would be $20.76, and one-half thereof is $10.38.

In the case of the *Board of Education* vs. *Industrial Commission*, 298 Illinois 61, it was held that:

Under Section 21 of the Workmen's Compensation Act the death of a beneficiary who leaves no dependents does not preclude all right to compensation but said section only extinguishes the right to receive payments which become due after the death of the beneficiary, and hence the administrator of a beneficiary who dies without leaving dependents is entitled to the weekly payments of the award from the death of the employee to the death of the beneficiary, even though the beneficiary died before the award was made.

From June 14, 1934 to March 9, 1935, the time of the death of the deceased's widow, is a total of thirty-eight and two-sevenths weeks.

We, therefore, recommend an award in favor of claimant's intestate, in the sum of Three Hundred Ninety-Seven Dollars and Forty Cents ($397.40.)

Claimant also asked for expenses on account of the doctor, nurse hire, hospital and funeral bills, including a $10.00 fee for the minister, service for the church sexton, undertaker and other expenses that are not itemized amounting to the sum of $694.75. We find no authority in law for the allowance of funeral expenses in cases of this kind. We do, however, allow, $41.00 for Dr. G. F. Schroeder; $15.00 for Dr. E. W. Marquardt; $8.00 for Helen Marquardt, Nurse; $5.00 for Vivian Johnson, Nurse; $8.00 for Dolores Fox and $43.75 for Elmhurst Hospital for medical and nursing service or the further sum of $120.75.

The total amount of such award is now past due.

This award being for the death of a State employee, is subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the method of payment thereof," approved July 2nd, 1935.

In accordance with the provisions of such Act, this award is subject to the approval of the Governor, and upon such approval is payable from the Road Fund, in the manner provided by such Act.